UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ELENA GUZMAN FELIX,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 26-cv-55-RSH-AHG<br><br>**ORDER SETTING BRIEFING SCHEDULE AND TEMPORARILY ENJOINING PETITIONER'S REMOVAL** |

On January 5, 2026, petitioner Blanca Elena Guzman Felix filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on December 18, 2025, and is detained at the Otay Mesa Detention Center in San Diego, California. Petitioner challenges the lawfulness of her continued detention.

I.    **Briefing Schedule**

Having reviewed the Petition, the Court concludes that summary dismissal is not warranted at this time. Accordingly, the Court **ORDERS** the following briefing schedule:

//

//

1. Respondents shall file a return to the Petition no later than **January 14, 2026**.

2. Petitioner may, but is not required to, file a traverse in support of the Petition no later than **January 19, 2026**.[1]

3. A hearing on the Petition is set for **January 22, 2026** at **1:30 p.m.** in Courtroom 3B. After the briefing is complete—meaning that Petitioner has filed a reply or advised the Court that no reply will be filed, or the deadline for filing a reply has passed—the Court may notify the Parties that it is taking the matter under submission and taking the hearing off calendar.

The Court acknowledges that Petitioner has filed a motion for a TRO. ECF No. 2. As set forth below, the Court is temporarily enjoining Respondents from removing Petitioner from the United States pending a ruling or further order from the Court. This order effectively grants in part Petitioner's motion for a TRO. The further relief sought by Petitioner's TRO application—namely, her immediate release—is the same relief sought by the underlying Petition. The Court will receive briefing on the merits of the Petition according to the expedited schedule set forth above, and determines that an even more compressed briefing schedule in the context of this case would not be conducive to a fair opportunity to both sides to provide the Court with adequate briefing. The Court's ruling on the merits on the Petition may also resolve the TRO request. To the extent the Parties wish to address other aspects of the TRO request, they may do so in their merits briefing.[2]

## II. Preserving the Court's Jurisdiction

The Court finds it is necessary to enter a limited injunction to preserve its jurisdiction and maintain the status quo until the Court can rule on the Petition. *See* 28 U.S.C. § 1651(a); *see also FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966); *Al Otro Lado v. Wolf*, 952

---

[1] January 19, 2026 is a federal holiday. Petitioner may of course file her optional traverse earlier than that date.

[2] To the extent Respondents seek additional time to respond fully to the merits of the Petition, they should then be prepared to respond to Petitioner's request for a TRO on the timetable above.

1  F.3d 999, 1006 n.6 (9th Cir. 2020). Accordingly, Respondents, along with their agents,
2  employees, successors, attorneys, and all persons acting in concert with them, are
3  **TEMPORARILY ENJOINED** pending further order of this Court or judgment entered
4  in this case from removing Petitioner from the Southern District of California.
5      **IT IS SO ORDERED.**
6  Dated: January 6, 2026

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge